**BROAN MFG. COMPANY, INC., Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORP., Defendant.**

Civ. A. No. 84–C–5.

United States District Court, E.D. Wisconsin.

Nov. 15, 1984.

See also D.C., 101 F.R.D. 773.

Stephen T. Jacobs, Timothy A. Bascom, Milwaukee, Wis., for plaintiff.

Richard C. Ninneman, Marcia R. Schwartz, Barbara J. Janaszek, Milwaukee, Wis., for defendant.

### DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiff in this diversity action seeks compensatory and declaratory relief for allegedly defective electric motors manufactured by the defendant and incorporated into attic fans sold by the plaintiff. Currently pending before the court are defendant's motion for judgment on the pleadings seeking dismissal of the plaintiff's tort claims, plaintiff's motion to compel production of documents, and defendant's motion for modification of the scheduling order.

The plaintiff seeks tort remedies in its fourth and fifth claims for relief which allege negligence and recklessness. The defendant seeks judgment on the pleadings dismissing these tort claims based on this Court's recent ruling that under Wisconsin law, a manufacturer is limited to theories of warranty and contract law to recover against the suppliers of its component parts. *Twin Disc, Inc. v. Big Bud Tractor, Inc.*, 582 F.Supp. 208 (E.D.Wis.1984). Accepting the allegations of plaintiff's complaint as true for the purposes of this motion, the defendant is entitled to judgment dismissing the tort claims as a matter of law.

The plaintiff argues that without tort remedies to enable a manufacturer to recover recall costs from the supplier of a defective component, the manufacturer has some incentive to risk consumer injury. Consequently, the plaintiff urges the court to recognize an exception to *Big Bud* to enable the manufacturer to enforce the supplier's duty to consumers to refrain from negligent or reckless conduct.

The duties imposed on sellers by the Consumer Product Safety Act, 15 U.S.C. § 2051 et seq., adequately protect the public interest. Consequently, there is no need to insert tort remedies into commercial disputes between manufacturers and component suppliers. This rule applies to the negligence and recklessness claims, since both are premised on duties owed to consumers.

■ The plaintiff's discovery motion seeks to compel the production of diagrams and instructions for the wiring of a more complex Westinghouse motor to show that a higher standard of care is followed in wiring that motor than is followed in wiring the motor supplied to Broan. The motion will be denied. The plaintiff has failed to demonstrate that the motors are sufficiently similar to permit meaningful comparison. In addition, comparison of the standard of care followed in wiring these motors is not relevant to the plaintiff's contract and warranty theories.

In light of the dismissal of the plaintiff's tort claims, the defendant's motion for modification of the scheduling order will be granted in part. The parties will be required to identify their expert witnesses and provide the reports required in the scheduling order no later than thirty (30) days from the entry of this order.

IT IS THEREFORE ORDERED that the defendant's motion for judgment on the pleadings is granted and the fourth and fifth causes of action in the first amended complaint are dismissed.

IT IS FURTHER ORDERED that the plaintiff's motion to compel production of documents is denied.

IT IS FURTHER ORDERED that the parties must identify and provide reports for any witnesses to be called at trial as experts within thirty (30) days of the entry of this order or they will be barred from calling such witnesses as experts at trial.